******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

ROBINSON, C. J., with whom MULLINS, J., joins, dissenting. I respectfully disagree with the majority's conclusion that General Statutes § 52-470 (g)[1] permits appellate review of unpreserved claims challenging a habeas court's handling of a proceeding under either the plain error doctrine[2] or *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), as modified by *In re Yasiel R.*, 317 Conn. 773, 781, 120 A.3d 1188 (2015),[3] despite a petitioner's failure to provide the habeas court with notice of the claims, so long as those claims are nonfrivolous under *Simms* v. *Warden*, 230 Conn. 608, 612, 616, 646 A.2d 126 (1994) (*Simms II*). Instead, I agree with the Appellate Court's well reasoned opinion, in which it declined to review the unpreserved claims raised on appeal by the petitioner, Harold T. Banks, Jr., because they were not distinctly raised in the habeas proceeding or included in the petition for certification to appeal. *Banks* v. *Commissioner of Correction*, 205 Conn. App. 337, 345, 256 A.3d 726 (2021). Because I would affirm the judgment of the Appellate Court dismissing the petitioner's appeal, I respectfully dissent.

I note my agreement with the majority's recitation of the facts, procedural history, and governing legal principles, as set forth by, among other authorities, General Statutes § 1-2z and *Simms* v. *Warden*, supra, 230 Conn. 612–16. However, I believe that the majority's conclusion in this case is inconsistent with the purpose of § 52-470 (g), namely, "to reduce the number of appeals in criminal matters and [to] hasten ultimate justice without repetitive recourse to appeals"; *Iovieno* v. *Commissioner of Correction*, 242 Conn. 689, 696, 699 A.2d 1003 (1997) (*Iovieno II*); as well as an abundance of precedent governing when appellate review in habeas cases is available under that statute. Because a petitioner must allege that, and explain how, a habeas court had abused its discretion in denying a petition for certification to appeal under § 52-470 (g); *Goguen* v. *Commissioner of Correction*, 341 Conn. 508, 512–13, 267 A.3d 831 (2021); appellate review is unavailable for claims not presented to the habeas court in the petition for certification or otherwise, insofar as a habeas court cannot abuse its discretion in denying a petition for certification regarding matters of which it never had notice.

A brief review of the history of appeals in habeas cases is instructive. Although the writ of habeas corpus existed at common law, the denial of the writ was not reviewable either on appeal or by writ of error. *Carpenter* v. *Meachum*, 229 Conn. 193, 198–99, 640 A.2d 591 (1994). "[T]he unavailability of the writ of error in habeas cases may have stemmed from an understanding that habeas was a summary proceeding, even interlocutory

in nature. Accordingly, appeal was denied in order to avoid unnecessary delays in reaching final judgment in the [case-in-chief]—usually the criminal prosecution of the petitioner." (Internal quotation marks omitted.) Id., 199; see id., 200 (noting that "[e]arly state court decisions" viewed "appellate review in habeas cases as wholly a creature of statute" (internal quotation marks omitted)). In 1882, the legislature provided a statutory right to appeal from the judgment of any trial court; see C. Schuman, "Habeas Reform: The Long and Winding Road," 86 Conn. B.J. 295, 309 (2012); and the Connnecticut Supreme Court of Errors first recognized the right to appeal from a habeas court judgment in 1891. See *Carpenter* v. *Meachum*, supra, 200 (discussing *Yudkin* v. *Gates*, 60 Conn. 426, 427, 22 A. 776 (1891), seminal case on habeas appeals, which held that "appellate jurisdiction to hear such an appeal depended [on] compliance with the [statutory] requirements").

In 1957, the legislature qualified the right to appeal from a habeas court's judgment by enacting what is now § 52-470 (g), which requires a petition for certification to appeal as a prerequisite to appellate review in habeas cases.[4] C. Schuman, supra, 86 Conn. B.J. 309. The legislature enacted § 52-470 (g) "to reduce the number of appeals in criminal matters and [to] hasten ultimate justice without repetitive recourse to appeals." *Iovieno* v. *Commissioner of Correction*, supra, 242 Conn. 696; see 7 S. Proc., Pt. 5, 1957 Sess., p. 2936, remarks of Senator John H. Filer. A letter authored by former Chief Justice William M. Maltbie, which was read aloud on the Senate floor during debate on the bill, further illustrates the legislature's objective in enacting § 52-470 (g). That letter emphasized that "nothing should be done [that] would in any way jeopardize the right of the innocent to the full protection of the law"; 7 S. Proc., supra, p. 2937; but Chief Justice Maltbie acknowledged that there is no "constitutional [guarantee]" to an appeal from a judgment on a writ of habeas corpus and that the writ of habeas corpus had been used to delay the execution of death sentences. Id., p. 2939.

In *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994) (*Simms I*), this court assumed that § 52-470 (g) implicated the jurisdiction of an appellate tribunal and held that a petitioner whose timely request for certification to appeal from the dismissal of his habeas petition was denied must demonstrate that the denial was an abuse of discretion to obtain appellate review of the claims raised in the petition. See id., 187–89; see also C. Schuman, supra, 86 Conn. B.J. 310–11 (observing that it had become common to appeal from denial of petition for certification to appeal given federal habeas exhaustion requirements and desire of attorneys representing state habeas petitioners to avoid claims of ineffective assistance of counsel). Subsequently, in *Simms II*, this court revisited the jurisdictional issue in *Simms I* and instead concluded that, because the legislature

limited a then unconditional right to appeal in enacting § 52-470 (g), it "intended the certification requirement only to define the scope of our review and not to limit the jurisdiction of the appellate tribunal." *Simms* v. *Warden*, supra, 230 Conn. 615. This court also considered the standards by which a possible abuse of discretion should be measured and held that a petitioner can establish a habeas court's abuse of discretion by demonstrating that "the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further."[5] (Emphasis in original; internal quotation marks omitted.) Id., 616.

The test articulated in *Simms II* left unclear certain obligations of petitioners with respect to the making of the threshold showing of a habeas court's abuse of discretion. See *Goguen* v. *Commissioner of Correction*, supra, 341 Conn. 512. We emphasized the importance of that showing in our recent decision in *Goguen*, which held that the Appellate Court had properly dismissed a habeas appeal when the petitioner's brief addressed only the merits of the claim and did not include any analysis with respect to whether the habeas court had abused its discretion by denying certification to appeal. Id., 513. We held that, for the statutory mandate of § 52-470 (g) to retain any force at all, a petitioner, even one who is self-represented, "must at least expressly allege and explain in his brief how the habeas court abused its discretion in denying certification. . . . The petitioner may not simply disregard the requirement of *Simms II* and brief only the merits of the underlying claim without any effort to comply with the 'two part showing' required by *Simms II*, which includes the discrete question of whether the habeas court abused its discretion in denying certification." Id., 512–13; see id., 522 (although merits of petitioner's appeal are relevant in determining whether habeas court abused its discretion, petitioners cannot "fail entirely to address that threshold issue and still obtain appellate review"). We emphasized that permitting a habeas petitioner to "obtain appellate review if he briefs *only* the merits of his underlying claims . . . would . . . eviscerate the limitations contained in § 52-470 [g]. In effect, the denial of the petition for certification could become an empty gesture, because one does not need to be prescient to foresee that every disappointed habeas petitioner could, once his petition for certification is denied, file or perfect a direct appeal under the same statute." (Emphasis added; internal quotation marks omitted.) Id., 522–23; see *Simms* v. *Warden*, supra, 229 Conn. 191–92 (*Borden, J.*, concurring) (noting that § 52-470 (g) "was enacted to limit appellate rights that previously existed" and that "the majority's implied invitation to appeal . . . could well eviscerate the limitations contained in" § 52-470 (g)).

The reasoning of *Goguen* and the purpose of § 52-470 (g) are consistent with the line of well established Appellate Court case law holding that "a petitioner cannot demonstrate that the habeas court abused its discretion in denying a petition for certification to appeal if the issue raised on appeal was *never raised before the court* at the time that it considered the petition for certification to appeal as a ground on which certification should be granted." (Emphasis added.) *Villafane* v. *Commissioner of Correction*, 190 Conn. App. 566, 573–74, 211 A.3d 72, cert. denied, 333 Conn. 902, 215 A.3d 160 (2019); see, e.g., *Tutson* v. *Commissioner of Correction*, 144 Conn. App. 203, 216–17, 72 A.3d 1162 (petitioner did not raise claim when asking court to rule on petition for certification to appeal), cert. denied, 310 Conn. 928, 78 A.3d 145 (2013). Reviewing claims not raised in the petition for certification to appeal "would amount to an ambuscade of the [habeas] judge." (Internal quotation marks omitted.) *Mitchell* v. *Commissioner of Correction*, 68 Conn. App. 1, 7, 790 A.2d 463, cert. denied, 260 Conn. 903, 793 A.2d 1089 (2002); see id., 5–7 (declining to review unpreserved claim when petitioner failed to raise it in petition for certification to appeal or application for waiver of fees, costs and expenses and appointment of appellate counsel); see also *Foote* v. *Commissioner of Correction*, 151 Conn. App. 559, 571, 96 A.3d 587 (*Keller, J.*, concurring) ("[t]his principle is grounded in sound considerations related not only to the orderly progress of the trial, but in avoiding an appellate ambush of the habeas court which, at the time that it considers a petition under § 52-470 (g), reasonably may be expected to rely solely on those questions that have been brought to its attention by a petitioner seeking remedy by way of an appeal"), cert. denied, 314 Conn. 929, 102 A.3d 709 (2014), and cert. dismissed, 314 Conn. 929, 206 A.3d 764 (2014).

In support of its conclusion that the failure to raise a claim in the petition for certification is not necessarily fatal to a habeas appeal, the majority cites to "[n]umerous additional cases [that] demonstrate our willingness to review unpreserved claims challenging the actions or omissions of the habeas court when the alleged errors violate the petitioner's constitutional rights or rise to the level of plain error, despite the petitioner's failure to include those claims in the petition for certification to appeal." I, however, am not persuaded that those decisions require this court to overrule nearly thirty years of Appellate Court case law holding that claims not raised before the habeas court either prior to or during the certification process, such as in the petition for certification, are unreviewable on appeal. See *Copeland* v. *Warden*, 26 Conn. App. 10, 13–14, 596 A.2d 477 (1991) (bypass under test set forth in *State* v. *Evans*, 165 Conn. 61, 70, 327 A.2d 576 (1973), as reformulated in *Golding*, was inappropriate in habeas proceeding

when habeas court did not rule on or decide claims), aff'd, 225 Conn. 46, 621 A.2d 1311 (1993). The cases cited by the majority are distinguishable because, in contrast to the present case, they did not involve claims of which the petitioner was aware, or should have been aware, before or during the certification process. See *Banks* v. *Commissioner of Correction*, supra, 205 Conn. App. 345 (noting that petitioner's claim of plain error in this certified appeal was based on events that occurred during his habeas trial).

To begin, I agree with the Appellate Court that this court's decision in *Ajadi* v. *Commissioner of Correction*, 280 Conn. 514, 911 A.2d 712 (2006), "is best limited to the unique facts of that case." *Banks* v. *Commissioner of Correction*, supra, 205 Conn. App. 345 n.5. In *Ajadi*, the petitioner, Rafiu Abimbola Ajadi, claimed that it was plain error for the habeas judge to preside over his petition for a writ of habeas corpus and his petition for certification to appeal because the judge's prior representation of Ajadi as an attorney should have disqualified him from adjudicating the case. See *Ajadi* v. *Commissioner of Correction*, supra, 522–25. The respondent argued in response that Ajadi had implicitly consented to the judge's improper participation by failing to timely object to the disqualification. Id., 524, 530. We disagreed, noting that Ajadi "was not present at the hearing . . . and did not become aware of the identity of the habeas judge until *after* the habeas proceedings had concluded completely. Moreover, [Ajadi's] habeas counsel did not know . . . [or] have any reason to know . . . of [the judge's] prior representation of [Ajadi] until *after* the habeas proceedings had concluded completely." (Emphasis in original.) Id., 531. Based on the foregoing, we concluded that Ajadi did not implicitly consent to the judge's participation in his case. Id.

The Appellate Court, in *Foote* v. *Commissioner of Correction*, supra, 151 Conn. App. 566–69, and *Melendez* v. *Commissioner of Correction*, 141 Conn. App. 836, 841–44, 62 A.3d 629, cert. denied, 310 Conn. 921, 77 A.3d 143 (2013), afforded plain error review to claims that were not raised before the habeas court or listed in the petitioners' petitions for certification to appeal but, instead, were raised for the first time on appeal to the Appellate Court. In its decision in the present case, the Appellate Court limited the holdings of *Foote* and *Melendez* to their facts because "the majority in *Foote* did not provide a reason for departing from the settled jurisprudence"; *Banks* v. *Commissioner of Correction*, supra, 205 Conn. App. 345 n.5; and, in *Melendez*, "the court afforded plain error review of the petitioner's unpreserved claim with no discussion as to why it was doing so." Id., 344 n.3. Once again, I agree. Before addressing the plain error claim in *Melendez*, the Appellate Court notably recognized that "[t]he petitioner did not raise his claim . . . before the habeas court and did

not raise his claim of plain error in his petition for certification to appeal . . . . The court *could not abuse its discretion* in denying the petition for certification about matters that the petitioner never raised." (Emphasis added.) *Melendez* v. *Commissioner of Correction*, supra, 841.

The majority aptly observes that, in *Moye* v. *Commissioner of Correction*, 316 Conn. 779, 780, 114 A.3d 925 (2015), this court "elaborated on 'the extent to which unpreserved constitutional claims may be reviewed on appeal in habeas actions.' " However, I note that this court denied *Golding* review of the unpreserved ineffective assistance of counsel claim of the petitioner, Marcus Moye, because it arose during Moye's criminal trial and not out of the actions or omissions of the habeas court itself; see id., 787; and, therefore, the claim "*could have* [*been*] *raised in his habeas petition.*" (Emphasis in original.) Id., 789. We additionally rejected Moye's contention that *Golding* review was available for "*any* constitutional claim on appeal that he could have properly raised in the habeas court"; (emphasis in original) id., 788; and noted that, "[i]f we were to allow *Golding* review under such circumstances, a habeas petitioner would be free to raise virtually any constitutional claim on appeal, regardless of what claims he raised in his habeas petition or what occurred at his habeas trial," which would "undermine the principle that a habeas petitioner is limited to the allegations in his petition, which are intended to put the [respondent] on notice of the claims made, to limit the issues to be decided, and to prevent surprise." (Internal quotation marks omitted.) Id., 789.

The majority cites other decisions that I find similarly unpersuasive to justify its departure from existing practice. They are distinguishable because they involve cases in which the petition for certification had been granted by the habeas court. See, e.g., *James L.* v. *Commissioner of Correction*, 245 Conn. 132, 135–36, 712 A.2d 947 (1998) (appellate review was not limited to issues raised in respondent's petition for certification to appeal, which had been granted by habeas court); *Howard* v. *Commissioner of Correction*, 217 Conn. App. 119, 126 n.6, 287 A.3d 602 (2022) ("[u]nder these circumstances . . . we conclude that the *petition reasonably may be interpreted so as to encompass the court's decision* to dismiss the petition sua sponte" (citation omitted; emphasis added)); *Moye* v. *Commissioner of Correction*, 147 Conn. App. 325, 328, 81 A.3d 1222 (2013) (because court *granted petition* for certification, appellate review was not limited to issues presented in petition), aff'd, 316 Conn. 779, 114 A.3d 925 (2015).[6] Thus, I am not convinced that these cases compel this court to depart from the Appellate Court's longstanding holding that, by definition, a habeas court cannot abuse its discretion under the first prong of *Simms II* on an issue not put before that court. See *Covenant*

*Medical Center, Inc.* v. *State Farm Mutual Automobile Ins. Co.*, 500 Mich. 191, 200–201, 895 N.W.2d 490 (2017) ("[a]lthough this [c]ourt is not in any way bound by the opinions of the [Michigan] Court of Appeals, [it] nevertheless tread[s] cautiously in considering whether to reject a long line of [case law] developed by our intermediate appellate court"); see also *In re Jorden R.*, 293 Conn. 539, 553, 979 A.2d 469 (2009) ("[e]arlier and recent Appellate Court case law is in accord with this interpretation").

Furthermore, the majority acknowledges that "a habeas court cannot be said to have abused its discretion in denying a petition for certification to appeal if it was not asked to exercise its discretion to certify the unpreserved issue in the first place," but it nevertheless frames the relevant inquiry on appeal as "whether it *would have been* an abuse of discretion to deny the petition for certification to appeal if the unpreserved issue had been included in the petition for certification." (Emphasis in original.) Footnote 13 of the majority opinion. I disagree. This speculative endeavor endorsed by the majority stands in stark contrast to the "limited task" of this court and the Appellate Court, "as . . . reviewing court[s]," when considering whether a habeas court abused its discretion in denying an appeal, including whether a petitioner raised his claims in the petition for certification or otherwise alerted the habeas court to the existence of the claim. *Henderson* v. *Commissioner of Correction*, 181 Conn. App. 778, 792, 189 A.3d 135, cert. denied, 329 Conn. 911, 186 A.3d 707 (2018); see *Peeler* v. *Commissioner of Correction*, 161 Conn. App. 434, 460, 127 A.3d 1096 (2015) ("[i]n determining whether the court improperly denied the petition for certification with regard to the actual innocence claim . . . it is appropriate that we limit our consideration to that narrow issue, as it is the only aspect of the claim [on] which the habeas court was asked to exercise its discretion").

The majority's reliance on federal case law interpreting the certificate of appealability in federal habeas cases under 28 U.S.C. § 2253,[7] from which we derived the *Simms II* criteria, is similarly misplaced. See *Simms* v. *Warden*, supra, 230 Conn. 615–16; see also *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991). Permitting review of claims a petitioner did not raise before the habeas court is inconsistent with our recent decision in *Goguen*, which recognized that "[p]ermitting appellants to bypass the *Simms II* requirements would be inconsistent with the legislative intent of reducing the burden on the appellate system," and that the default rule is that a petitioner "is not entitled to appellate review of his claims unless he demonstrates that the habeas court abused its discretion in denying certification." *Goguen* v. *Commissioner of Correction*, supra, 341 Conn. 523–24. The abundance of Appellate Court case law is clear that "a petitioner

cannot demonstrate that the habeas court abused its discretion in denying a petition for certification to appeal if the issue raised on appeal was never raised before the court . . . ." (Internal quotation marks omitted.) *Lewis* v. *Commissioner of Correction*, 211 Conn. App. 77, 93, 271 A.3d 1058, cert. denied, 343 Conn. 924, 275 A.3d 1213, cert. denied sub nom. *Lewis* v. *Quiros*, U.S. , 143 S. Ct. 335, 214 L. Ed. 2d 150 (2022); see *Foote* v. *Commissioner of Correction*, supra, 151 Conn. App. 571 (*Keller, J.*, concurring).

Moreover, in the habeas context, a state's particular interest is "in preserving an orderly and efficient judicial process, in comity, in finality and in justice"; K. Maniscalco, "Current Habeas Corpus Issues," 15 New Eng. J. on Crim. & Civ. Confinement 1, 1 (1989); and, consistent with this rationale, the certification requirement in § 52-470 (g) serves "to reduce successive frivolous appeals in criminal matters and [to] hasten ultimate justice . . . ." 7 S. Proc., supra, p. 2936, remarks of Senator Filer. Likewise, this court has recognized that, in enacting § 52-470 (g), the legislature desired "to limit the number of appeals filed in criminal cases and [to] hasten the final conclusion of the criminal justice process . . . ." *Iovieno* v. *Commissioner of Correction*, supra, 242 Conn. 699; see id., 696. It still holds true today that § 52-470 (g) acts as a limitation on the scope of review on appeals from a habeas court's denial of petition for certification to appeal. See, e.g., *Whistnant* v. *Commissioner of Correction*, 199 Conn. App. 406, 414, 236 A.3d 276, cert. denied, 335 Conn. 969, 240 A.3d 286 (2020). Because "[o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature"; (internal quotation marks omitted) *Cerame* v. *Lamont*, 346 Conn. 422, 426, 291 A.3d 601 (2023); the majority's conclusion that petitioners can raise on appeal unpreserved plain error or *Golding* claims that were not raised in their petition for certification or before the habeas court "expands the scope of review and thwarts the goals that the legislature sought to achieve by enacting § 52-470 (g)." *Foote* v. *Commissioner of Correction*, supra, 151 Conn. App. 573–74 (*Keller, J.*, concurring); see *Whistnant* v. *Commissioner of Correction*, supra, 418–19 ("[p]ermitting a habeas petitioner, in an appeal from a habeas judgment following the denial of a petition for certification to appeal, to seek *Golding* review of a claim that was not raised in, or incorporated into, the petition for certification to appeal would circumvent the requirements of § 52-470 (g) and undermine the goals that the legislature sought to achieve in enacting § 52-470 (g)").

Our limited task as a reviewing court in these situations is to determine only whether the habeas court abused its discretion in concluding that the petitioner's appeal is frivolous, and, if so, whether the judgment of the habeas court should be reversed on its merits. See *Simms* v. *Warden*, supra, 230 Conn. 612. Indeed, "[a]buse

of discretion is the proper standard because that is the standard to which we have held other litigants whose rights to appeal the legislature has conditioned [on] the obtaining of the trial court's permission"; id.; and "[i]nherent . . . in the concept of judicial discretion is the idea of choice and a determination between competing considerations." (Internal quotation marks omitted.) *DiLieto* v. *County Obstetrics & Gynecology Group, P.C.*, 310 Conn. 38, 55, 74 A.3d 1212 (2013). "*Because it is impossible to review an exercise of discretion that did not occur, [appellate courts] are confined to reviewing only those issues [that] were brought to the habeas court's attention in the petition for certification to appeal.*" (Emphasis in original; internal quotation marks omitted.) *Henderson* v. *Commissioner of Correction*, supra, 181 Conn. App. 792. By definition, then, a habeas court cannot abuse its discretionary, decision-making authority when no notice is provided to the court and when the issue was never raised for decision making in the first instance. By permitting unpreserved plain error or *Golding* review, petitioners, who have been denied certification to appeal, are invited "to circumvent the bounds of limited review simply by couching wholly unpreserved claims [in terms of] plain error." *Foote* v. *Commissioner of Correction*, supra, 151 Conn. App. 574 (*Keller, J.*, concurring). "There seems to be little point" to the certification requirement if petitioners can nevertheless raise on appeal any unpreserved claims challenging the habeas court's handling of a proceeding under the plain error doctrine or *Golding*. C. Schuman, supra, 86 Conn. B.J. 311.

Although the majority states that, "[f]rom a procedural standpoint, raising on appeal an unpreserved constitutional claim that arose during a habeas trial is no different from raising on direct appeal an unpreserved constitutional claim that arose during a criminal trial"; (internal quotation marks omitted); a habeas appeal following the denial of a petition for certification "is not the appellate equivalent of a direct appeal from a criminal conviction." (Internal quotation marks omitted.) *Damato* v. *Commissioner of Correction*, 156 Conn. App. 165, 168, 113 A.3d 449, cert. denied, 317 Conn. 902, 114 A.3d 167 (2015); see *Goguen* v. *Commissioner of Correction*, supra, 341 Conn. 525 (allowing petitioner to bypass allegation that habeas court had abused its discretion would "render the *Simms* [*II*] two part test meaningless, given that a denial of certification would be treated no differently from a grant of certification; i.e., in either scenario, all that is required would be to brief solely the merits of the underlying claim").

Although a petition for certification to appeal is often filed without the assistance of counsel, and, therefore, "courts should review habeas petitions with a lenient eye"; (internal quotation marks omitted) *Gilchrist* v. *Commissioner of Correction*, 334 Conn. 548, 560, 223 A.3d 368 (2020); "the right of self-representation pro-

vides no attendant license not to comply with relevant rules of procedural and substantive law. . . . A habeas court does not have the discretion to look beyond the pleadings and trial evidence to decide claims not raised." (Internal quotation marks omitted.) *Henderson* v. *Commissioner of Correction*, supra, 181 Conn. App. 793; see *Villafane* v. *Commissioner of Correction*, supra, 190 Conn. App. 573–74; see also id., 578 n.2 ("a petitioner's decision not to include an issue in his petition for certification to appeal that was preserved during the habeas trial itself is more akin to abandoning the claim").[8]

Contrary to the majority, because I am unpersuaded that our decisions subsequent to *Simms II* require us to overrule existing Appellate Court case law, and because the legislative history of § 52-470 (g) demonstrates that the statutory certification requirement bars appellate review of unpreserved claims in uncertified appeals under the plain error doctrine and *Golding* when a petitioner fails to raise them before a habeas court prior to or during the certification process, I conclude that the Appellate Court properly dismissed the petitioner's appeal.

Because I would affirm the judgment of the Appellate Court, I respectfully dissent.

[1] General Statutes § 52-470 (g) provides: "No appeal from the judgment rendered in a habeas corpus proceeding brought by or on behalf of a person who has been convicted of a crime in order to obtain such person's release may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or, if such judge is unavailable, a judge of the Superior Court designated by the Chief Court Administrator, to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies."

[2] "[The plain error] doctrine, codified at Practice Book § 60-5, is an extraordinary remedy used by appellate courts to rectify errors committed at trial that, although unpreserved, are of such monumental proportion that they threaten to erode our system of justice and work a serious and manifest injustice on the aggrieved party." (Internal quotation marks omitted.) *State* v. *Blaine*, 334 Conn. 298, 305, 221 A.3d 798 (2019).

[3] "[A] defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation . . . exists and . . . deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original; footnote omitted.) *State* v. *Golding*, supra, 213 Conn. 239–40; see *In re Yasiel R.*, supra, 317 Conn. 781 (modifying third prong of *Golding*).

[4] "Pursuant to No. 12-115, § 1, of the 2012 Public Acts, subsection (b) of § 52-470 was redesignated as subsection (g)." *Villafane* v. *Commissioner of Correction*, 190 Conn. App. 566, 572 n.1, 211 A.3d 72, cert. denied, 333 Conn. 902, 215 A.3d 160 (2019).

[5] Just a few short years after this court's decision in *Simms II*, this court decided *Iovieno II* and overruled its previous decision in *Iovieno* v. *Commissioner of Correction*, 222 Conn. 254, 608 A.2d 1174 (1992), which had held that "the habeas court was correct in concluding that it had no discretion to consider an untimely petition for certification to appeal." Id., 258. In *Iovieno II*, this court concluded that the ten day time limitation in § 52-470 (g) did not implicate the habeas court's subject matter jurisdiction to consider whether to allow an untimely appeal and that the habeas court retained the discretion to determine whether to entertain an untimely appeal. *Iovieno* v. *Commissioner of Correction*, supra, 242 Conn. 700. Former Chief Justice Callahan dissented in *Iovieno II*, noting the inconsistency between the

*Simms* cases and *Iovieno II* and arguing that *Simms II* should instead be overruled. See id., 716–17 (*Callahan, C. J.*, dissenting). In doing so, he noted that, "to limit the scope of our review in accordance with the perceived legislative intent, the majority in *Simms II* created an initial hurdle for habeas petitioners who have not obtained certification to appeal by requiring those petitioners to prove that the [habeas] court from which certification was sought abused its discretion by not granting certification." (Internal quotation marks omitted.) Id., 716 (*Callahan, C. J.*, dissenting).

[6] "We are mindful . . . that [the legislature did not intend that], *following the granting of a petition for certification to appeal*, at least in the absence of demonstrable prejudice . . . the terms of the habeas court's grant of certification [would] be a limitation on the specific issues subject to appellate review." (Emphasis added; internal quotation marks omitted.) *Logan* v. *Commissioner of Correction*, 125 Conn. App. 744, 752–53 n.7, 9 A.3d 776 (2010), cert. denied, 300 Conn. 918, 14 A.3d 333 (2011); see *Whistnant* v. *Commissioner of Correction*, 199 Conn. App. 406, 419 n.11, 236 A.3d 276, cert. denied, 335 Conn. 969, 240 A.3d 286 (2020).

[7] Section 2253 (c) of title 28 of the 2018 edition of the United States Code provides: "(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or (B) the final order in a proceeding under section 2255.

"(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

"(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2)."

[8] I am cognizant of the fact that, in some situations, habeas counsel may omit a claim from a petition for certification through no fault of the petitioner. Consistent with the principal purpose of the writ of habeas corpus, namely, "to serve as a bulwark against convictions that violate fundamental fairness"; (internal quotation marks omitted) *Luurtsema* v. *Commissioner of Correction*, 299 Conn. 740, 758, 12 A.3d 817 (2011); "habeas on habeas" challenges remain available to petitioners when habeas counsel fails to include a claim for review in the petition for certification. *Kaddah* v. *Commissioner of Correction*, 324 Conn. 548, 554, 153 A.3d 1233 (2017); see, e.g., *Lozada* v. *Warden*, 223 Conn. 834, 845, 613 A.2d 818 (1992) ("a person convicted of a crime is entitled to seek a writ of habeas corpus on the ground that his attorney in his prior habeas proceeding rendered ineffective assistance").